PEOPLE v WILLIAMS

OPINION OF THE COURT

1. CRIMINAL LAW—INSTRUCTIONS TO JURY—INTENT TO COMMIT MUR-
   DER.

   An instruction to the jury in a prosecution for assault with intent
   to commit murder which informs the jury that intent to take
   life is presumed by law from the use of a deadly weapon in a
   manner that would naturally, ordinarily and probably take life
   is clearly erroneous; such an instruction removes from the
   prosecution the burden of proving an essential element of the
   crime charged and removes from the jury the right to decide
   that the defendant did not intend to kill.

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—REVERSIBLE ERROR—AB-
   SENCE OF OBJECTION.

   An erroneous jury instruction denies a criminal defendant the
   right to have a properly instructed jury pass upon the evidence,
   and where the instruction omits a legally essential ingredient,
   the error is reversible, even absent a request or an objection.

DISSENT BY BEASLEY, J.

3. CRIMINAL LAW—INSTRUCTIONS TO JURY—ABSENCE OF OBJECTION—
   MANIFEST INJUSTICE.

   *The Court of Appeals will reverse a conviction because of an
   erroneous instruction to the jury, where no objection was made
   at trial, only where there is manifest injustice.*

4. CRIMINAL LAW—INSTRUCTIONS TO JURY—REVERSIBLE ERROR—MANI-
   FEST INJUSTICE.

   *An instruction to the jury in a prosecution for assault with intent
   to commit murder which erroneously informed the jury that*

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 40 Am Jur 2d, Homicide § 472.
   Homicide: presumption of deliberation or premeditation from the
   circumstances attending the killing. 96 ALR2d 1435.
[2] 75 Am Jur 2d, Trial § 656 *et seq.*
[3, 4] 75 Am Jur 2d, Trial § 906 *et seq.*

*intent to take life is presumed from the use of a deadly weapon in a manner that would naturally, ordinarily and probably take life was not reversible error where, viewing the instruction in its entirety, in the context of overwhelming evidence of the defendant's guilt, there was no manifest injustice.*

Appeal from Genesee, Donald R. Freeman, J. Submitted February 2, 1977, at Lansing. (Docket No. 26985.) Decided April 18, 1977.

Don Williams was convicted of assault with intent to commit murder. Defendant appeals by leave granted. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Joel B. Saxe,* Senior Assistant Appellate Prosecutor, for the people.

*Martin F. Palus,* for defendant on appeal.

Before: D. C. Riley, P. J., and T. M. Burns and Beasley, JJ.

T. M. Burns, J. On August 5, 1975, defendant was convicted by a jury of assault with intent to commit murder, MCLA 750.83; MSA 28.278. He was sentenced to 20 to 30 years in prison. We granted defendant's application for delayed appeal on February 2, 1976.

Defendant was employed by Carl Goldfarb in an auto wash business. On March 19, 1975, defendant shot Goldfarb during an argument.

Defendant makes several arguments for reversal. One has merit.

In defining "intent to commit murder" for the jury, the trial court instructed:

"The testimony in this cause, as you well know, indicates that there was a dangerous weapon used. A deadly weapon or a dangerous weapon is defined as an instrument which reasonably and likely could produce death or serious bodily injury from the manner in which it is used.

"The law further says, with respect to this use of weapons, this: When a man assaults another with, or uses upon another a deadly weapon, in such a manner that the natural, ordinary, probable use of such deadly weapon in such manner would be to take a life, the law presumes that such a person so assaulting intended to take life. That is the inference, the presumption, that the law provides, with respect to the use of a deadly weapon."

The instructions were clearly erroneous. *People v Martin,* 392 Mich 553; 221 NW2d 336 (1974), *People v Conway,* 70 Mich App 629; 247 NW2d 317 (1976). The trial court removed from the prosecution the burden of proving an essential element of the crime charged and took from the jury the right to decide that defendant did not intend to kill.

Defendant's failure to object to the instructions does not preclude reversal. An erroneous charge denies defendant the right to have a properly instructed jury pass upon the evidence. *People v Martin, supra* at 562. Where, as in the case at bar, the charge omits a legally essential ingredient, the error is reversible even absent request or objection. See *People v St Cyr,* 392 Mich 605; 221 NW2d 389 (1974).

Reversed and remanded for a new trial.

D. C. RILEY, P. J., concurred.

BEASLEY, J. *(dissenting).* I must respectfully dissent.

The majority reverse on the ground that the instruction of the trial court defining "intent to commit murder" was clearly erroneous. In the trial court no objection was made to the judge's instruction to the jury. Where no objection is made, we only review and reverse where there is a manifest injustice. *People v Dorrikas,* 354 Mich 303, 316; 92 NW2d 305 (1958).

There was no manifest injustice here. The proof of defendant's guilt was overwhelming. The evidence indicates that defendant, an auto-wash employee, when questioned by his employer about walking off the job, pulled a loaded gun from his pocket and shot his unarmed victim three or four times; once in the face, one in the back of the head and another in his victim's back.

The trial court instructed as follows:

"We shall now discuss the State law that is involved. It says that any person who shall assault another with intent to commit the crime of murder shall be guilty.

"To constitute this offense, it must be shown that the defendant made an assault upon the complaining witness. That would mean that the Defendant Williams made the assault upon the complaining witness Goldfarb, with an actual intent to kill, under such circumstances as would have made the killing murder had death resulted therefrom.

"As *[sic]* assault is defined as an attempt or offer, with force and violence, to do bodily hurt to another, coupled with a present ability to carry the intention into effect.

"Murder is defined as where a person of sound memory and discretion wilfully and unlawfully kills any human being, against the peace of this State, with malice aforethought, express or implied.

"It is the intent with which the injury is inflicted or attempted that constitutes a material element of Assault With Intent to Commit Murder. And when such intent is shown, that which would have been only an

assault, unaccompanied with the felonious intent, will be Assault With Intent to Commit Murder when thus accompanied.

"And when I talk about malice aforethought, there is no need, under law, that this malice or evil intent be entertained for a long time. It can be quickly formed. It can be momentarily performed and consummated, as long as there was malice aforethought prior to the doing of the act. Now, in this charge, there is another offense which is included therein. It is described as an Assault With Intent. to Do Great Bodily Harm Less Than the Crime of Murder. The statute says: any person who shall assault another with the intent to do great bodily harm less than the crime of murder shall be guilty.

"The offense under that statute involves an attempt or offer, with force and violence, to do bodily hurt to another, coupled with an intent to do great bodily harm less than the crime of murder.

"I have already described murder to you. Bear in mind, again, it is the intent with which the injury is inflicted or attempted that constitutes a material element of Assault With Intent to Do Great Bodily Harm Less Than the Crime of Murder. And when such intent is shown, that which only would be an assault, unaccompanied with the felonious intent, will be Assault With Intent to Do Great Bodily Harm Less Than the Crime of Murder, when thus accompanied.

"Therefore, you have before you two offenses. The first I have described as Assault With Intent to Murder; the second, Assault With Intent to Do Great Bodily Harm Less Than Murder.

"The testimony in this cause, as you well know, indicates that there was a dangerous weapon used. A deadly weapon or a dangerous weapon is defined as an instrument which reasonably and likely could produce death or serious bodily injury from the manner in which it is used.

"The law further says, with respect to this use of weapons, this: When a man assaults another with, or uses upon another a deadly weapon, in such a manner that the natural, ordinary, probable use of such deadly

weapon in such manner would be to take a life, the law presumes that such a person so assaulting intended to take life. That is the inference, the presumption, that the law provides, with respect to the use of a deadly weapon."

Under *People v Martin*,[1] cited by the majority, the words "presumption" and "presumes" should not have been used in this instruction in the way they were used. But, in the within case, the jury was not obfuscated by an instruction that was inconsistent and clearly erroneous. *People v Martin, supra,* 559. In fact, viewing this instruction in its entirety, and in the context of the overwhelming evidence, it seems apparent the jury was adequately instructed and that defendant had a fair trial. Manifest injustice means something more than occurred here.

I would vote to affirm the guilty verdict.

[1] 392 Mich 553; 221 NW2d 336 (1974).