PEOPLE v MILTON

1. APPEAL AND ERROR—DIRECTED VERDICTS—DENIAL—EVIDENCE.

   A defendant's motion for a directed verdict of acquittal is properly denied if, viewing the evidence presented by the prosecution in the light most favorable to the prosecution, there is some evidence on which the jury could base a verdict of guilty.

2. CRIMINAL LAW—EVIDENCE—ELEMENTS—MATERIAL POINTS—SUFFICIENCY OF EVIDENCE.

   A conviction cannot constitutionally be sustained if there is no evidence on some element of the crime; however, unless there is no evidence at all on a material point, the sufficiency of the evidence is a question that should be left to the jury.

3. HOMICIDE—FIRST-DEGREE MURDER—PURPOSE OF CAUSING DEATH—CONSCIOUS INDIFFERENCE.

   A person must act with the purpose of causing death in order to commit first-degree murder; mere conscious indifference to the likelihood of death as a result of an intentional act is not enough to constitute first-degree murder.

4. HOMICIDE—FIRST-DEGREE MURDER—SECOND-DEGREE MURDER—PREMEDITATION—DELIBERATION—MALICE.

   The elements of premeditation and deliberation distinguish first-degree murder from second-degree murder; a failure to define these elements for a jury independently of malice is error because it has the effect of abolishing the difference between first-degree and second-degree murder.

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial § 553.
[2] 30 Am Jur 2d, Evidence § 1124 *et seq.*
[3] 40 Am Jur 2d, Homicide §§ 45–52, 569.
[4] 40 Am Jur 2d, Homicide § 501.
[5] 40 Am Jur 2d, Homicide §§ 10, 52, 228.
[6] 40 Am Jur 2d, Homicide § 72 *et seq.*
[7] 5 Am Jur 2d, Appeal and Error §§ 787, 891–893.
[8] 4 Am Jur 2d, Appeal and Error §§ 533–538.

5. Criminal Law—Homicide—Premeditation—Deliberation.

To premeditate is to think about beforehand; to deliberate is to measure and evaluate the major facets of a choice or problem.

6. Homicide—Felony Murder—Essential Prerequisites—Proofs.

It is essential for conviction under a felony murder theory for the prosecution to prove the underlying felony as well as the murder.

7. Homicide—First-Degree Murder—Appeal and Error—Premeditated Murder—Felony Murder—Evidence.

A first-degree murder conviction must be overturned when the jury is instructed on both premeditated murder and felony murder when the evidence presented at trial is legally insufficient to establish the crime of felony murder.

8. Criminal Law—Appeal and Error—Instructions to Jury—Attorney and Client.

The Court of Appeals will reverse a defendant's conviction in order to prevent manifest injustice where the trial court's instructions omitted an essential element of the crime for which the defendant was convicted in spite of the fact that defense counsel did not object to the instructions, and successfully prevented them from being given in proper form.

Appeal from Recorder's Court of Detroit, James Del Rio, J. Submitted January 3, 1978, at Detroit. (Docket No. 30774.) Decided February 23, 1978.

Herbert E. Milton was convicted of first-degree murder. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Anne B. Wetherholt,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: Bashara, P. J., and J. H. Gillis and N. J. Kaufman, JJ.

Per Curiam. Defendant was convicted by a jury of first-degree murder, MCLA 750.316; MSA 28.548, in Recorder's Court for the City of Detroit. He now appeals as of right, raising two allegations of error.

Defendant first contends that the trial court erred in denying his motion for a directed verdict of acquittal. We disagree.

Such a motion is properly denied if, viewing the evidence presented by the prosecution in the light most favorable to the prosecution, there is some evidence on which the jury could base a verdict of guilty. *People v Garcia,* 398 Mich 250, 256; 247 NW2d 547 (1976), *People v DeClerk,* 400 Mich 10, 18; 252 NW2d 782 (1977). A conviction cannot constitutionally be sustained if there is no evidence on some element of the crime. *Johnson v Florida,* 391 US 596, 598; 88 S Ct 1713, 1714–1715; 20 L Ed 2d 838, 840 (1968). However, unless there is no evidence at all on a material point, the sufficiency of the evidence is a question that should be left to the jury. *People v Johnson,* 397 Mich 686, 687; 246 NW2d 836 (1976).

In the instant matter, there was testimony that the defendant made repeated telephone threats to the decedent, his former girlfriend, after she moved in with another man. In these phone calls defendant referred to himself as a "hit man" and asked the decedent how she was enjoying the rest of her life. The person who shot the decedent could not be positively identified, but the victim made dying declarations implicating the defendant which were overheard by three witnesses. There was sufficient evidence that defendant was guilty of first-degree murder to justify denial of a motion for a directed verdict.

Nevertheless, we are constrained to reverse de-

fendant's conviction because of flagrant errors in the trial judge's instructions to the jury.

The trial judge in his charge authorized the jury to convict the defendant of first-degree murder if he "either intended to kill the deceased or that he consciously created a very high degree of risk of death to another with knowledge of its probable consequences". This is not the law. *People v Potter,* 5 Mich 1, 8 (1858), *People v Scott,* 6 Mich 287, 294 (1859), *People v Hansen,* 368 Mich 344, 351; 118 NW2d 422 (1962), *People v Morrin,* 31 Mich App 301, 314 n 17; 187 NW2d 434 (1971), *lv den,* 385 Mich 775 (1971). Mere conscious indifference to the likelihood of death as a result of a person's intentional act is not enough; to commit first-degree murder, a person must act with the purpose of causing death. *People v Garcia,* 398 Mich 250, 259; 247 NW2d 547 (1976).

Another fatal flaw in the instructions was their failure to define the elements of premeditation and deliberation. These elements distinguish first-degree murder from second-degree murder. *People v Vail,* 393 Mich 460, 468; 227 NW2d 535 (1975). Failure to define these elements independently of malice has the effect of abolishing the difference between first-degree murder and second-degree murder. *People v Morrin, supra,* at 326, *People v Hoffmeister,* 394 Mich 155, 158; 229 NW2d 305 (1975). "To premeditate is to think about beforehand; to deliberate is to measure and evaluate the major facets of a choice or problem". *People v Morrin, supra,* at 329, see also, *People v Vail, supra,* at 468. In the instant case, nothing in the instruction afforded the jury any understanding of these crucial elements of the crime of which they convicted the defendant.

The trial judge's charge also erroneously inter-

jected an issue of felony murder which was neither encompassed by the information nor warranted by the evidence. The judge read to the jury a truncated version of the felony murder instruction, CJI 16:2:02, although the defendant was not charged with felony murder and there was no evidence that he committed or attempted to commit any of the felonies enumerated in MCLA 750.316; MSA 28.548, upon which a felony murder conviction might be predicated. An essential prerequisite for conviction under a felony murder theory is proof of the underlying felony as well as proof of the murder. *People v Allen,* 39 Mich App 483, 503; 197 NW2d 874 (1972), (LEVIN, P. J., dissenting), adopted by the Supreme Court, 390 Mich 383; 212 NW2d 21 (1973), *People v Olsson,* 56 Mich App 500, 504; 224 NW2d 691 (1974), *lv den,* 394 Mich 772 (1975), *People v Skowronski,* 61 Mich App 71, 75; 232 NW2d 306 (1975).

A first-degree murder conviction must be overturned when the jury is instructed on both premeditated murder and felony murder when the evidence presented at trial is legally insufficient to establish the crime of felony murder. *People v Gilbert,* 55 Mich App 168, 173–174; 222 NW2d 305 (1974), *lv den,* 393 Mich 774 (1974).

It should be noted that the prosecutor, Thomas Ziolkowski, attempted to cure part of the defective instructions at trial in an effort to insure that the jury was properly instructed on first-degree murder and to see that defendant received a fair trial.

However, the trial judge refused to amend his erroneous instructions when defense counsel stated that he was satisfied with the instructions, and would object if they were changed.[1]

---

[1] "The Court: Are you satisfied with the instructions given by the Court?

"Mr. Henry [defense counsel]: The defense is satisfied.

It would appear that defense counsel was deliberately trying to inject error into the trial in order to insure reversal on appeal should the jury return a verdict adverse to the defendant.

However, in spite of the fact that defense counsel did not object to the instructions and successfully prevented them from being given in proper form, we are required to reverse defendant's conviction in order to prevent manifest injustice. See *People v Townes,* 391 Mich 578, 585–587; 218 NW2d 136 (1974), *People v Lenkevich,* 394 Mich 117, 122–124; 229 NW2d 298 (1975), *People v Williams,* 75 Mich App 53, 55; 254 NW2d 649 (1977), *People v Joeseype Johnson,* 75 Mich App 337, 341; 254 NW2d 667 (1977), *People v Peoples,* 75 Mich App 616, 620; 255 NW2d 707 (1977).

Reversed and remanded for a new trial.

"Mr. Ziolkowski [assistant prosecutor]: I hate to bring it up, but again the instruction on premeditation and deliberation. It's my understanding of the law that you should give an instruction on premeditation and deliberation. Define both.

"The Court: All right. Are you satisfied with the instructions?

"Mr. Henry: The defense is satisfied, your Honor.

"Mr. Ziolkowski: Your Honor, may I offer this to the court. I have a short paragraph here—

"The Court: Well, we will look at it. Let Mr. Henry see it.

"One of the reasons that I didn't consider that was that the book sent to us by the Supreme Court cautioned us not to use for example a definition of malice when we have a murder second degree or included offense included in our instructions. I don't think premeditation or deliberation would be of any value, but I am willing to do whatever you and counsel agree on.

"Mr. Henry: I think they understand the words deliberation, premeditation. Those are clear words. As the Court has indicated, the Supreme Court has laid down the guidelines of what should be said with the included offense. I can't see why we should run any risk on that. I frankly am satisfied with the charge as given.

"The Court: Well, do you object to it, counsel?

"Mr. Henry: I would object to giving that.

"The Court: Very well. We will leave it as it is, gentlemen."