PEOPLE v JOHNSON

Docket No. 78-1172. Submitted June 8, 1979, at Lansing.—Decided
    November 19, 1979.

Ernest Johnson, III, was convicted of first-degree murder, Record-
    er's Court of Detroit, Robert J. Columbo, J. Defendant appeals,
    alleging that certain of the trial court's instructions to the jury
    were erroneous, that there was insufficient evidence to permit a
    finding of premeditation and deliberation, and that the magis-
    trate at the preliminary examination abused his discretion in
    binding the defendant over for trial on first-degree murder.
    *Held:*

    1. The instructions to the jury, when viewed as a whole,
    properly instructed the jury on the elements of first-degree
    murder.

    2. Testimony by witnesses for the prosecution regarding two
    threats which defendant made to the decedent a few days prior
    to the killing was properly considered in determining the
    sufficiency of the evidence. The threats do not constitute confes-
    sions, but may be considered to be admissions or evidence of
    defendant's state of mind at the times they were made. In
    either case, the testimony was properly considered. Addition-
    ally, even if the evidence of the threats were not to be consid-
    ered, there was sufficient evidence presented from which the
    jury could infer premeditation and deliberation.

    3. Testimony presented at the preliminary examination was
    adequate to support a finding of probable cause as to each
    element of first-degree murder.

    Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial § 919 *et seq.*
[2] 75 Am Jur 2d, Trial § 925.
[3, 5] 40 Am Jur 2d, Homicide § 45.
[4] 40 Am Jur 2d, Homicide § 284.
[6] 40 Am Jur 2d, Homicide § 316.
[7] 40 Am Jur 2d, Homicide § 439.
[8] 21 Am Jur 2d, Criminal Law § 443.

1. Criminal Law — Instructions to Jury — Erroneous Instruc-
   tions.

   Generally, an erroneous jury instruction is not grounds for rever-
   sal of a defendant's conviction, in the absence of there having
   been a request by counsel for a proper instruction, except upon
   a showing of manifest injustice; however, where an instruction
   pertains to the nature of the offense the trial court has an
   obligation to give a correct instruction whether or not a request
   is made.

2. Trial — Instructions to Jury — Erroneous Instructions.

   Jury instructions must be read and considered as a whole in
   order to determine whether any instruction was erroneous.

3. Homicide — First-Degree Murder — Specific Intent.

   First-degree murder, other than first-degree felony murder, is a
   specific intent crime requiring an intention to take a life.

4. Homicide — First-Degree Murder — Corpus Delicti — Confes-
   sions.

   The corpus delicti of first-degree premeditated murder must be
   established by evidence independent of a defendant's confes-
   sion.

5. Homicide — First-Degree Murder — Premeditation — Deliber-
   ation — Inferences.

   Premeditation and deliberation need not be established by direct
   evidence in a prosecution for first-degree murder; the requisite
   state of mind may be inferred from all the facts and circum-
   stances as long as the inference has support in the record.

6. Homicide — Evidence — Admissions — State of Mind.

   Testimony by witnesses for the prosecution that a defendant in a
   homicide case had threatened to kill a decedent on two occa-
   sions prior to her death was properly considered when deter-
   mining the sufficiency of the evidence against the defendant;
   the threats constituted admissions, not confessions, and were
   indicative of the defendant's state of mind at the time the
   threats were made.

7. Homicide — Murder — Premeditation — Deliberation.

   Factors to be considered in making a determination of whether or
   not a defendant in a homicide case acted with premeditation
   and deliberation include: 1) the previous relationship of the
   defendant and the victim; 2) the defendant's actions prior to
   the actual killing; 3) the circumstances of the killing itself; and
   4) the defendant's conduct after the killing.

8. CRIMINAL LAW — APPEAL AND ERROR — MAGISTRATES — PROBABLE
   CAUSE.

   A magistrate's determination of probable cause, for purposes of
   binding a defendant over for trial, will not be reversed by the
   Court of Appeals absent a showing of a clear abuse of discre-
   tion.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*Bernstein, Rabinovitz & Weitzman, P.C.,* for defendant on appeal.

Before: DANHOF, C.J., and V. J. BRENNAN and H. R. CARROLL,* JJ.

H. R. CARROLL, J. Defendant was charged with the murder of Alma Story, whom he had been living with. On November 8, 1977, defendant was found guilty by a jury of first-degree murder, contrary to MCL 750.316; MSA 28.548. He was sentenced to life imprisonment. Defendant appeals as of right.

On appeal defendant raises three issues for our consideration. Initially, he argues that the trial court improperly instructed the jury as to the elements of first-degree murder. However, defendant failed to object to the instructions at trial. It is the general rule that an erroneous instruction, absent a request by counsel, is not grounds for reversal except upon a showing of manifest injustice. *Hunt v Deming,* 375 Mich 581; 134 NW2d 662 (1965). However, where an instruction pertains to the nature of the offense, the trial court has an

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

obligation to give a correct instruction whether or not a request is made. *People v Miller*, 35 Mich App 627; 192 NW2d 517 (1971). In order to determine whether error occurred, jury instructions must be read and assessed as a whole. *People v Wilder*, 82 Mich 358; 266 NW2d 847 (1978).

Defendant's complaint centers upon the following instruction:

"Murder of either degree is the killing of one person by another with malice. Malice is a term with special meaning in the law. Malice means that the Defendant intended to kill or that he knowingly created a very high risk of death with knowledge that it probably would result in death, and that he did so under circumstances which did not justify, excuse or lessen the crime.

"First Degree and Second Degree Murder are the same crime, except that in First Degree Murder there are the additional elements of premeditation and deliberation; that is, the Defendant has premeditated and deliberated his intent to kill.

"You will be first instructed on Murder of the Second Degree. Keep in mind that all of the elements of Second Degree Murder are necessary to prove First Degree Murder.

\* \* \*

"Fourth, for murder you must find that the Defendant consciously and knowingly performed the act which caused death. The Defendant must have either intended to kill; that is, he must have done the act intending that it result in death or in great and serious bodily injury, *or he must have knowingly created a very high risk of death with the knowledge that it probably would cause death.*" (Emphasis added.)

It is clear that first-degree murder, other than felony murder, is a specific intent crime requiring an intention to take a life. *People v Garcia*, 398 Mich 250; 247 NW2d 547 (1976). As this Court

remarked in *People v Milton,* 81 Mich App 515, 518; 265 NW2d 397 (1978):

"Mere conscious indifference to the likelihood of death as a result of a person's intentional act is not enough; to commit first-degree murder, a person must act with the purpose of causing death."

Defendant relies heavily on *Milton* in arguing for reversal on this issue. It is not apparent from our reading of *Milton* whether the trial court in that case instructed the jury on specific intent. However, it is clear that the trial court in *Milton* failed to instruct on the elements of premeditation and deliberation. The court's failure to define these elements independently of malice had the effect of abolishing the difference between first-degree murder and second-degree murder. *Id.*

In the instant case, the trial court, apart from its instruction on malice, also defined premeditation and deliberation. It prefaced its remarks in this regard with the following:

"For Murder of the First Degree, the Prosecution must prove beyond a reasonable doubt the four elements of Second Degree Murder which have been described to you. In addition, you must prove beyond a reasonable doubt the fifth element, which raises the crime to First Degree Murder; that is, that the death was the wilful result of a premeditated, deliberate intent to kill."

In addition, the court mentioned that wilful means intentional and that "[f]or First Degree Murder, there must be such a lapse of time as would give the mind time to *think about the purpose and intent of the killing".* (Emphasis supplied.) Finally the court noted that "[t]here can be no crime of Murder in the First Degree under our law *where*

*there is no intent to kill".* (Emphasis supplied.)
Moreover, the court instructed the jury as to specific intent. All of these instructions, it is worth noting, appear to have been taken nearly verbatim from the Michigan Criminal Jury Instructions. CJI 16:1:14; 16:2:01; 3:1:16. Viewing the instructions as a whole, we find that the trial court properly instructed the jury on the elements of first-degree murder.

The defendant next contends that there was insufficient evidence *aliunde* his prior threats against the decedent to permit a finding of premeditation and deliberation as a matter of law. The well-established rule in Michigan is that the corpus delicti of first-degree premeditated murder must be established by evidence *aliunde* a defendant's confession. *People v Allen,* 390 Mich 383; 212 NW2d 21 (1973), *People v Wells,* 87 Mich App 402; 274 NW2d 797 (1978), *People v Densmore,* 87 Mich App 434; 274 NW2d 811 (1978). It follows that the prosecution is required to establish all elements of the offense independent of a confession. *People v Hawkins,* 80 Mich App 481; 264 NW2d 33 (1978).

On appeal the defendant specifically claims that the prosecution failed to independently prove premeditation and deliberation. Neither premeditation nor deliberation need be established by direct evidence. *People v Hoffmeister,* 394 Mich 155; 229 NW2d 305 (1975). The requisite state of mind may be inferred from all the facts and circumstances. *People v Hoffmeister, supra, People v Tilley,* 405 Mich 38; 273 NW2d 471 (1979), *People v O'Brien,* 89 Mich App 704; 282 NW2d 190 (1979). The inference must have support in the record, however, and not be arrived at by mere speculation. *People v O'Brien, supra.*

At trial, there was testimony that defendant had threatened to kill the decedent on two occasions prior to the date of her death. Defendant insists that these are admissions. As such, it is argued that they may not be considered in determining sufficiency of the evidence. We disagree with defendant on several counts. Contrary to defendant's contention, neither *People v Hawkins, supra,* or *People v Wells, supra,* hold that the rule enunciated in *People v Allen, supra,* extends to admissions of a defendant. In *People v Porter,* 269 Mich 284; 257 NW 705 (1934), it was held that the rule that proof of crime must be established without the confession was confined to confessions and did not include admissions. *Id.* at 289-290. If the fact admitted does not of itself show guilt but needs proof of other facts, which are not admitted by the accused, in order to show guilt, it is not a confession but an admission. *Id.* at 290. We conclude that the two threats made by the defendant were insufficient, by themselves, to constitute a confession of guilt under *Porter.* See *People v Allen,* 91 Mich App 63; 282 NW2d 836 (1979). Moreover, they are properly considered as indicative of defendant's state of mind at the time they were made; the first some three weeks before the homicide and the second, three days before the decedent was murdered. *People v Melvin,* 70 Mich App 138; 245 NW2d 178 (1976). Whether viewed as admissions or as evidence of defendant's state of mind, they are properly considered in determining sufficiency of the evidence on the question of premeditation and deliberation.

Furthermore, even if defendant's statements are excluded, there was sufficient evidence for the jury to infer premeditation and deliberation. The factors to be considered in such a determination

include: (1) the previous relationship of the parties; (2) defendant's actions prior to the actual killing; (3) the circumstances of the killing itself; and (4) the defendant's conduct after the homicide. *People v Meadows,* 80 Mich App 680; 263 NW2d 903 (1977), *People v Berthiaume,* 59 Mich App 451; 229 NW2d 497 (1975).

Concerning the first factor, it would appear that defendant's relationship with the victim was coming to a rather stormy conclusion. Indeed, the decedent was preparing to have the defendant evicted.

Prior to the killing, the defendant repeatedly went to the front door of decedent's home and looked only in the direction from which decedent would be walking. This arguably is an indicium of lying-in-wait or, at least, that defendant had already conceived of the plan to murder decedent. In addition, defendant sharpened a knife with an electric sharpener ostensibly because he intended to prepare a meal. However, the record indicates that defendant did not have many of the ingredients needed. Finally, the electric knife sharpener was found in the dining room, not the kitchen where it was ordinarily kept and operated.

With regard to the third factor, the decedent was stabbed repeatedly, including two wounds which punctured the heart, one which punctured the left lung and a wound to the neck which severed all the major blood vessels. It would be reasonable to infer that these wounds were the result of strategically administered blows based on cool deliberation; all the more so if the wounds to the neck were administered first, since the vocal cords were rendered useless thereby. Evidence supporting such a conclusion included a trail of blood at the scene of the murder and testimony by

the assistant medical examiner that such a trail would be left if the wounds to the neck were administered first and the heart was still pumping blood.

Finally, defendant's conduct following the murder is consistent with premeditation. He left decedent's house by the back door carrying a duffel bag full of his clothing and walking fast. He removed pictures of himself and his daughter from decedent's house. Later in the day he called the house and asked to speak to the decedent. Finally, he was arrested nine months later in San Bernardino, California, over 2,000 miles away.

On the basis of all this, we conclude that, even without defendant's threats, the jury could properly infer premeditation and deliberation. Moreover, with the addition of the threats, the evidence of premeditation and deliberation is compelling, if not overwhelming.

We need not detain ourselves long with defendant's final issue. He contends that the magistrate abused his discretion in binding him over on a first-degree murder charge. He argues that the magistrate erroneously found that there was probable cause to believe that the murder was premeditated.

Absent a showing of a clear abuse of discretion, this Court will not reverse a magistrate's determination of probable cause. *People v Juniel,* 62 Mich App 529; 233 NW2d 635 (1975). The corpus delicti of first-degree murder must be demonstrated at the preliminary examination. *People v Juniel, supra.*

Our review of the record fails to convince us that the magistrate in the instant case clearly abused his discretion. While the testimony at the preliminary examination was sparse, it was ade-

quate to support a finding of probable cause as to each element of first-degree murder including premeditation and deliberation.

Defendant's conviction is affirmed.