PEOPLE v MAHADAY

Docket No. 47462. Submitted May 5, 1981, at Detroit.—Decided July 9, 1981. Leave to appeal denied, 411 Mich 1079.

Donald Mahaday was convicted of felony murder and assault with intent to commit murder in Detroit Recorder's Court, Justin C. Ravitz, J. The defendant appeals alleging that (1) the trial court incorrectly defined malice by including language .concerning a "very high risk of death" in its instructions dealing with felony murder and assault with intent to commit murder, (2) the trial court failed to adequately instruct the jury that drunkenness or drug intoxication may be a defense to felony murder, (3) the trial court was under a duty to instruct the jury *sua sponte* that it was the prosecution's burden to negate every theory consistent with the defendant's innocence, and (4) the prosecuting attorney committed error when he impeached the defendant with evidence of a prior conviction without first obtaining a court ruling justifying the admission of evidence of the conviction for purposes of impeachment. *Held:*

1. The trial court did not err in defining malice by including language concerning "a very high risk of death" in its instructions. The rule requiring the court to specify in its instructions that application of the "risk" language is limited to the lesser offense of second-degree murder applies solely to proceedings wherein the defendant is charged with first-degree premeditated murder.

2. The trial court gave an adequate instruction on intoxica-

REFERENCES FOR POINTS IN HEADNOTES

[1] 40 Am Jur 2d, Homicide §§ 498, 499.
What felonies are inherently or foreseeably dangerous to human life for purposes of felony-murder doctrine. 50 ALR3d 397.

[2] 21 Am Jur 2d, Criminal Law §§ 54, 155.
When intoxication deemed involuntary so as to constitute a defense to criminal charge. 73 ALR3d 195.
Modern status of the rules as to voluntary intoxication as defense in criminal charge. 8 ALR3d 1236.

[3] 75 Am Jur 2d, Trial §§ 851, 852.

[4, 5] 29 Am Jur 2d, Evidence § 320.
30 Am Jur 2d, Evidence § 1175.

[5] 29 Am Jur 2d, Evidence § 333.

tion as a defense to felony murder, assault with intent to murder and the lesser included offense of assault with intent to do great bodily harm.

3. The trial court was under no duty to instruct the jury *sua sponte* that it was the prosecution's burden to negate every theory consistent with the defendant's innocence.

4. The prosecuting attorney was not required to bring a pretrial motion and obtain a ruling on the admissibility of evidence of the prior conviction if the prosecutor intended to cross-examine the defendant about it. However, the prosecutor did err in suggesting by cross-examination that the defendant had a prior felony conviction when the prior conviction was for a misdemeanor. The trial judge instructed the jury that he had determined that the felony conviction suggested by the prosecutor did not exist and to disregard the question in its entirety. No reversible error occurred.

Affirmed.

1. HOMICIDE — FELONY MURDER — ASSAULT AND BATTERY — JURY INSTRUCTIONS.

An instruction in a trial for first-degree felony murder and assault with intent to commit murder authorizing the jury to convict the defendant if he consciously created a high degree of risk of death to another with knowledge of its possible consequences is not improper.

2. CRIMINAL LAW — INTOXICATION DEFENSE.

A jury may take into account a defendant's degree of drug or alcohol intoxication in determining whether the defendant had the requisite specific intent to be guilty of the crime charged.

3. CRIMINAL LAW — TRIAL — JURY INSTRUCTIONS — CIRCUMSTANTIAL EVIDENCE.

A trial judge has no duty to instruct the jury *sua sponte* that when a case is based on circumstantial evidence the state must refute every theory consistent with innocence.

4. EVIDENCE — IMPEACHMENT — PRIOR CONVICTIONS.

There is no authority which requires that a prosecuting attorney bring a pretrial motion and obtain a ruling on the admissibility of evidence of a defendant's prior conviction if the prosecution intends to cross-examine the defendant about it although the burden is on the prosecution to justify the admission of such evidence.

5. PROSECUTING ATTORNEYS — MISREPRESENTATION OF A DEFENDANT'S
   PRIOR CONVICTIONS — ERROR.
   Error occurs in all but the most limited circumstances where a
   prosecuting attorney suggests by his cross-examination of a
   defendant that the defendant has prior convictions which do
   not in fact exist or misrepresents the nature of the prior
   convictions.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Janice M. Joyce,* Assistant Prosecuting Attorney, for the people.

*Robert E. Slameka* and *Charles Campbell,* for defendant on appeal.

Before: BASHARA, P.J., and N. J. KAUFMAN and J. L. BANKS,* JJ.

PER CURIAM. The defendant was convicted by a Detroit Recorder's Court jury of first-degree felony murder, MCL 750.316; MSA 28.548, and assault with intent to commit murder, MCL 750.83; MSA 28.278. He was sentenced to life for his conviction of first-degree felony murder and 15 to 20 years for his conviction of assault with intent to murder. The defendant appeals as of right pursuant to GCR 1963, 806.1, raising five claims of error, none of which require reversal.

Defendant first claims that the trial court incorrectly defined malice by including language concerning a "very high risk of death" in its instructions dealing with first-degree felony murder and assault with intent to commit murder. The defendant's reliance on *People v Milton,* 81 Mich App 515; 265 NW2d 397 (1978), *amended* 403 Mich 821

---

* Circuit judge, sitting on the Court of Appeals by assignment.

(1978), is misplaced. *Milton* in no way purports to criticize or reject the "risk" language included in the definition of malice as an element of first-degree felony murder, second-degree (common-law) murder or assault with intent to murder. The issue in *Milton* was whether the court must specify in a first-degree premeditated murder case, when employing the "risk" language, that its application is limited to the lesser offense of second-degree murder. *People v Johnson,* 93 Mich App 667; 287 NW2d 311 (1979), *People v Burgess,* 96 Mich App 390; 292 NW2d 209 (1980). The *Milton* rule applies solely to proceedings wherein the defendant is charged with first-degree premeditated murder. It has no application to this case.

Secondly, defendant claims that the trial court failed to adequately instruct the jury that drunkenness or drug intoxication may be a defense to first-degree felony murder (armed robbery). We agree that the rule is firmly established that the jury may take into account the degree of drug or alcohol intoxication in determining whether the defendant had the specific intent in order to be guilty of the crime charged. *People v Walker,* 38 Mich 156, 158 (1878), *People v Crittle,* 390 Mich 367; 212 NW2d 196 (1973). Our review of the record reveals that the trial court did in fact give an intoxication instruction dealing with first-degree felony murder (armed robbery) and also dealing with the charges of assault with intent to murder and the lesser included offense of assault with intent to do great bodily harm. Further, during the latter charges the trial judge specifically reminded the jury that he had similarly instructed them earlier with regard to first-degree felony murder. There is no factual basis to support the claimed error.

Defendant claimed error with regard to instructions that the trial court was under the duty to instruct the jury *sua sponte* that it was the prosecution's burden to negate every theory consistent with the defendant's innocence. Until the standard jury instructions on circumstantial evidence are revised, this Court will be forced to address this continuing claim of error. See *People v Corbett,* 97 Mich App 438; 296 NW2d 64 (1980). Here, assuming solely for purposes of argument that the instruction that defendant contends should have been given accurately reflects the state of the law in this jurisdiction and further that this is a "pure circumstantial" evidence case, the trial court is not required to give such an instruction on circumstantial evidence *sua sponte. People v Haney,* 86 Mich App 311; 272 NW2d 640 (1978), *People v Jackson,* 100 Mich App 146, 156-157; 298 NW2d 694 (1980). We fail to discern any reversible error here.

Next, defendant claims that the prosecuting attorney committed error when he impeached the defendant with evidence of a prior conviction without first obtaining a court ruling justifying the admission of evidence of the conviction for purposes of impeachment prior to trial. Although the burden is on the prosecution to justify the admission of such evidence, *People v Crawford,* 83 Mich App 35; 268 NW2d 275 (1978), *People v McCartney,* 60 Mich App 620; 231 NW2d 472 (1975), there is no authority which requires that the prosecution bring a pretrial motion and obtain a ruling on the admissibility of evidence of the prior conviction if the prosecution intends to cross-examine the defendant about it. To that extent, the defendant is incorrect.

However, a review of the record reveals that the

prosecution did propound a question suggesting that the defendant had a prior conviction which, in fact, did not exist. Where the prosecution suggests by its cross-examination that the defendant has prior convictions which do not in fact exist or misrepresents what the prior convictions were in fact for, error occurs in all but the most limited circumstances. *People v DiPaolo,* 366 Mich 394; 115 NW2d 78 (1962), *People v Wright,* 38 Mich App 427; 196 NW2d 839 (1972). We are convinced that the error here was unintentional. Only a close reading of defendant's criminal record would have revealed that the conviction was a misdemeanor rather than a felony, as the prosecutor suggested.

Although the error was unintentional, the prejudice to the defendant must still be measured. Here, the trial judge forcefully instructed the jury that he had determined that the felony suggested by the prosecutor did not exist and to disregard the question in its entirety. These remarks should have instilled in the jurors' minds that the defendant, in fact, had only one prior conviction. Accordingly, we fail to discern any reversible error.

The defendant's final claim of reversible error has recently been decided by *People v Vaughn,* 409 Mich 463; 295 NW2d 354 (1980), even assuming arguendo that the verdicts were in fact inconsistent.

Affirmed.