# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
May 5, 2016

Plaintiff-Appellee,

v

No. 326520
Genesee Circuit Court
LC No. 14-034698-FC

DEONTE ISAAC GRAY,

Defendant-Appellant.

Before: JANSEN, P.J., and SERVITTO and M. J. KELLY, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of three counts of first-degree murder, MCL 750.316(1)(a), and possession of a firearm during the commission of a felony (felony firearm). MCL 750.227b(1). We affirm.

This case arises out of a triple homicide in which defendant shot and killed Akeem Easterling, James Allen, and Trashawn Macklin. Easterling was defendant's friend, and defendant had previously been living at Allen's apartment with Easterling, but there was a disagreement between them and Easterling told defendant not to return to the apartment. Defendant returned to the apartment and shot all three victims in the head. There were no signs of a struggle in the apartment, and the bodies of each victim were found in sleeping positions on a bed, an air mattress, and a couch.

On appeal, defendant argues that the trial court should have granted his motion for a directed verdict on each count of first-degree murder, because there was insufficient evidence of premeditation. We disagree.

We review a trial court's decision on a motion for directed verdict de novo. *People v Aldrich*, 246 Mich App 101, 122; 631 NW2d 67 (2001). "In reviewing the denial of a motion for a directed verdict . . . this Court reviews the evidence in a light most favorable to the prosecution in order to determine whether a rational trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt." *People v Gillis*, 474 Mich 105, 113; 712 NW2d 419 (2006) (citations and internal quotation marks omitted). This Court will resolve all conflicts in the evidence in favor of the prosecution. *People v Henderson*, 306 Mich App 1, 9; 854 NW2d 234 (2014).

-1-

"To establish first-degree premeditated murder, the prosecution must prove that the defendant intentionally killed the victim and the act of killing was deliberate and premeditated." *People v Haywood*, 209 Mich App 217, 229; 530 NW2d 497 (1995); see MCL 750.316. The only issue on appeal is whether the killings were premeditated. "Premeditation and deliberation require sufficient time to allow the defendant to take a second look." *People v Schollaert*, 194 Mich App 158, 170; 486 NW2d 312 (1992). "Premeditation may be established through evidence of the following factors: (1) the prior relationship of the parties; (2) the defendant's actions before the killing; (3) the circumstances of the killing itself; and (4) the defendant's conduct after the homicide." *Id.*, citing *People v Johnson*, 93 Mich App 667, 675; 287 NW2d 311 (1979). "Circumstantial evidence and reasonable inferences drawn from the evidence may constitute satisfactory proof of premeditation and deliberation." *People v Unger*, 278 Mich App 210, 229; 749 NW2d 272 (2008).

Viewed in the light most favorable to the prosecution, there was sufficient evidence to support each conviction of first-degree premeditated murder. The evidence supported that there was a prior relationship between defendant, Easterling, and Allen. Defendant was close friends with Easterling, and had recently lived at Allen's apartment. In addition, defendant was upset with Easterling for killing someone defendant thought he should not have killed. This prior relationship supports a finding that the killings in this case were premeditated. *Schollaert*, 194 Mich App at 170. Defendant's actions before the killing also support a finding the killing was premeditated—he brought a loaded gun to the apartment, where he knew people with whom he was upset were staying. *Id*.

The circumstances of the killing itself strongly support a finding that defendant's act of killing the victims was deliberate and premeditated. Each of the victims was found shot in the head in a sleeping position. With respect to two of the victims, there was evidence that a gun was pressed up against their heads at the time of firing. Easterling and Allen still had blankets on them when their bodies were found. Furthermore, multiple witnesses testified that there were no signs of a struggle in the apartment. This evidence supports a finding that defendant shot the victims while they were asleep, demonstrating that defendant was provided with the "sufficient time to . . . take a second look" that a finding of premeditation and deliberation requires. *Schollaert*, 194 Mich App at 170; see *People v Bowman*, 254 Mich App 142, 152; 656 NW2d 835 (2002) ("One cannot, under normal circumstances, kill a sleeping person at close range in any fashion other than with premeditation, especially when the person is a close companion and benefactor.")

Defendant's conduct after the homicide also supports a finding that the killing was premeditated. Defendant did not alert authorities after he killed the victims, and instead left the apartment and disposed of the gun he used to kill them. This supports a finding that the killing was premeditated because "a defendant's attempt to conceal the killing can be used as evidence of premeditation." *People v Gonzalez*, 468 Mich 636, 641; 664 NW2d 159 (2003). Furthermore, defendant provided conflicting accounts of what happened when he was interviewed by the police, first stating he was not involved in the shooting at all and later admitting that he had in fact killed the victims. This further supports the finding that the killings were premeditated because "conflicting statements tend to show a consciousness of guilt and are admissible as admissions" which, when considered together with other circumstantial evidence in the case,

"lend further evidence from which a rational jury could have inferred defendant's guilt." *Unger*, 278 Mich App at 225-226 (alterations, citations, and internal quotation marks omitted).

Therefore, the prior relationship of the parties, defendant's actions before the killings, the circumstances of the killings, and defendant's conduct after the killings all support a finding that the killings were premeditated, and the trial court did not err by denying defendant's motion for directed verdict on the charges of first-degree murder. See *Bowman*, 254 Mich App at 152 (finding that the evidence was "more than sufficient to establish premeditation beyond a reasonable doubt" when "a rational trier of fact could conclude that, in the middle of the night, when the two were alone, defendant shot the sleeping victim at point-blank range, resentful of the condescending treatment he felt he was receiving.")

Affirmed.


/s/ Kathleen Jansen
/s/ Deborah A. Servitto
/s/ Michael J. Kelly