PEOPLE v EMERSON (AFTER REMAND)

Docket No. 119737. Submitted November 3, 1993, at Detroit. Decided January 19, 1994, at 9:25 A.M.

Ronald O'Neal Emerson was convicted by a jury in the Detroit Recorder's Court, Charles S. Farmer, J., of first-degree felony murder. He appealed, claiming that evidence of his confession of the underlying felony of criminal sexual conduct was admitted in violation of the corpus delicti rule, that he was denied the effective assistance of counsel at trial, that he was denied the right to waive trial by jury, and that the court abused its discretion in refusing to excuse for cause a juror acquainted with someone whose brother-in-law was the victim's uncle. The Court of Appeals remanded for an evidentiary hearing regarding the claim of ineffective assistance of counsel. On remand, the trial court, Dalton Roberson, J., found no evidence that trial counsel's assistance had been ineffective.

After remand, the Court of Appeals *held:*

1. Administrative Order No. 1990-6 constrains the Court of Appeals to follow *People v Hughey,* 186 Mich App 585 (1990), in which it was held that the corpus delicti of first-degree felony murder is established by a showing that a death occurred and that it resulted from criminal agency. Under *Hughey,* it was not necessary to establish the criminal sexual conduct independently of the defendant's confession, and the police statement was properly admitted.

2. Trial counsel's performance was not deficient or prejudicial to the defendant.

3. Waiver of jury trial by a defendant is not recognized as a right under the federal and state constitutions.

4. The trial court did not abuse its discretion in refusing to excuse the challenged juror, given that juror's assurances of impartiality and the defendant's failure to demonstrate bias or prejudice by that juror.

Affirmed.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of

Research, Training, and Appeals, and *John P. Puleo* and *Thomas M. Chambers,* Assistant Prosecuting Attorneys, for the people.

State Appellate Defender (by *Susan Meinberg Thomas*), for the defendant on appeal.

#### AFTER REMAND

Before: CAVANAGH, P.J., and MARILYN KELLY and M. D. SCHWARTZ,* JJ.

PER CURIAM. Defendant was convicted by a jury of first-degree felony murder, MCL 750.316; MSA 28.548. The victim died of head injuries. Defendant was sentenced to life in prison. He appeals from his conviction, and we affirm.

The issues on appeal involve the corpus delicti of felony murder, the waiver of trial by jury, the denial of a challenge to a juror, and the effective assistance of counsel.

In his first issue, defendant claims that because his police statement provided the only evidence of the felony underlying the felony-murder charge, namely criminal sexual conduct, the statement should not have been admitted, under the corpus delicti rule. We reluctantly disagree.

For purposes of our discussion, we assume, without deciding, that there was insufficient evidence of criminal sexual conduct independent of defendant's statement to sustain a conviction.

Murder that is committed during the perpetration or attempted perpetration of, among other things, first- or third-degree criminal sexual conduct, is murder in the first degree, or statutory felony murder. MCL 750.316; MSA 28.548; *People*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

*v Aaron,* 409 Mich 672, 717-718; 299 NW2d 304 (1980). The Court in *Aaron* abrogated the common-law felony-murder rule, under which even an accidental death occurring during the perpetration of a felony could support a felony-murder conviction. *Id.* at 733; see *People v Hughey,* 186 Mich App 585, 588; 464 NW2d 914 (1990).

The purpose of the corpus delicti rule is to guard against conviction for a crime when none was committed by requiring a showing, independent of an accused's statement, that a crime had occurred. *People v Williams,* 422 Mich 381, 388; 373 NW2d 567 (1985); *People v Cotton,* 191 Mich App 377, 389; 478 NW2d 681 (1991).

In *People v Allen,* 390 Mich 383; 212 NW2d 21 (1973), adopting then-Judge LEVIN's dissenting opinion in the same case, 39 Mich App 483; 197 NW2d 874 (1972), the Court held that the corpus delicti of *felony* murder may not be established without evidence independent of the accused person's confession of the essential element that distinguishes the offense of first-degree murder from second-degree murder (i.e., commission of the underlying felony). 390 Mich 385.

In *Williams,* on the other hand, the Court held that the corpus delicti of first-degree *premeditated* murder consists of only two elements: the death of the victim and some criminal agency as the cause. 422 Mich 392. The Court distinguished *Allen, supra,* but did not expressly overrule it.

This Court in *Hughey, supra,* concluded that *Williams* implicitly overruled *Allen,* because "the reasoning behind the *Williams* decision equally applies to felony-murder cases, particularly in light of the decision in *Aaron, supra." Hughey, supra* at 588. Therefore, according to the *Hughey* panel, the corpus delicti rule is satisfied in prosecutions of first-degree felony murder by showing

that a death has occurred as a result of some criminal agency. *Id.* at 589.

We respectfully disagree with the *Hughey* panel's conclusions. We believe that the absence of a *mens rea* requirement fundamentally distinguishes felony murder from first-degree premeditated murder. See *Aaron, supra* at 708-709. This is so even though *Aaron* abrogated the common-law felony-murder rule. Furthermore, in our view, premeditated murder is a single crime, in which the element of deliberation merely serves to enhance the severity of the offense, whereas felony murder is a compound crime consisting of both a murder and a felony. An accused is just as likely to confess to a rape that did not happen as to a homicide that did not happen. See *Williams, supra* at 388-389. Therefore, the elements of both crimes should be established independently of a defendant's confession. We note that, in this case, defendant's statement would most likely not have been admissible to prove a charge of criminal sexual conduct. See *Cotton, supra.*

Therefore, we do not agree that *Williams,* which involved premeditated murder, should control the question of the corpus delicti of felony murder, nor do we agree that *Williams* overruled *Allen.*

We are, however, constrained by Administrative Order No. 1990-6 to follow the rule of law established by *Hughey, supra,* because that case was issued after November 1, 1990. 436 Mich lxxxiv. Therefore, we reluctantly conclude that it was not necessary to establish the criminal sexual conduct independently of defendant's confession, and the police statement was properly admitted.

Defendant's second issue is whether he was denied his right to effective assistance of counsel. We conclude that counsel's performance was not deficient, nor was defendant prejudiced by it. *Peo-*

*ple v Tommolino,* 187 Mich App 14, 17; 466 NW2d 315 (1991). In particular, there was no evidence to support a defense of insanity based on the continual voluntary ingestion of mind-altering drugs. See *People v Parker,* 133 Mich App 358, 363; 349 NW2d 514 (1984). Moreover, we will not second-guess counsel's trial tactic of admitting guilt of a lesser offense. *People v Walker,* 167 Mich App 377, 382; 422 NW2d 8 (1988).

Thirdly, defendant contends that he was improperly denied his constitutional right to waive a jury trial. We disagree, because there is no such right. *People v Kirby,* 440 Mich 485, 487; 487 NW2d 404 (1992).

Finally, we do not believe that the trial court abused its discretion in refusing to excuse for cause a juror who had an acquaintance whose brother-in-law was the victim's uncle. The juror assured the court that she could be impartial, and defendant failed to demonstrate bias or prejudice. *People v Roupe,* 150 Mich App 469, 474; 389 NW2d 449 (1986).

We decline to address other issues raised in defendant's brief after remand, because our order of January 28, 1991, limited the proceedings on remand to the issue raised in the motion to remand.

Affirmed.