# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DANNY RAY PENNEBAKER,

        Defendant-Appellant.

UNPUBLISHED
October 22, 2015

No. 322117
Jackson Circuit Court
LC No. 13-004717-FC

Before: M. J. KELLY, P.J., and MURRAY and SHAPIRO, JJ.

PER CURIAM.

Defendant Danny Ray Pennebaker appeals as of right his convictions for two counts of assault with intent to rob while armed, MCL 750.89; and two counts of assault with a dangerous weapon (felonious assault), MCL 750.82. We affirm defendant's convictions, but remand for resentencing.

On June 30, 2013, defendant stopped the two victims on their way to Taco Bell. Defendant asked the two victims for a cigarette and also asked them to purchase a taco for him. Thereafter, defendant rode off on his bicycle, but then he returned and told the two victims that they looked like they were "up to no good." Defendant subsequently pulled out a knife, which caused the two victims to run to the Taco Bell. Police arrived at the Taco Bell shortly thereafter. One of the victims had a cut on his arm. At some point, the police found defendant, and the two victims identified defendant on scene as the perpetrator.

Defendant argues that defense counsel was ineffective when he stated during opening statement and closing argument that defendant was guilty of assault with a dangerous weapon. Review is limited to the facts on the record because the trial court did not hold an evidentiary hearing. *People v Wilson*, 242 Mich App 350, 352; 619 NW2d 413 (2000). To demonstrate ineffective assistance of counsel, a defendant must show that trial counsel's performance was deficient (i.e. objectively unreasonable), and that there exists "a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001); *People v Pickens*, 446 Mich 298, 303; 521 NW2d 797 (1994).

A complete concession of guilt amounts to ineffective assistance of counsel. *People v Krysztopaniec*, 170 Mich App 588, 596; 429 NW2d 828 (1988). However, a lawyer does not

-1-

render ineffective assistance by conceding certain points at trial, including conceding guilt of a lesser offense. *People v Emerson (After Remand)*, 203 Mich App 345, 349; 512 NW2d 3 (1994).

During opening statement, defense counsel stated, "[a]fter you've heard all the evidence I think you'll be convinced that Mr. Pennebaker is guilty of assaulting these young men with knife, inappropriately, wrongfully there is no excuse for what he did. But that he never intended at all to rob these young men." During closing argument, defense counsel continued to focus on the intent to rob element of the assault with intent to rob charges. Defense counsel stated, defendant "is guilty of two counts of felonious assault, he is because that is what he did. But he didn't assault those boys intending to rob."

It is clear from the record that defense counsel did not make a complete concession of guilt, but rather defense counsel conceded that defendant was guilty of the lesser charged offenses of felonious assault. *Id*. "The elements of felonious assault are (1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999). Here, defendant was positively identified by both of the victims; defendant had a knife with him when police stopped him; and defendant admitted, in a letter to the victims, that he pulled a knife on both of them and both of them appeared to be scared. "When defense counsel . . . recognizes and candidly asserts the inevitable, he is often serving his client's interests best by bringing out the damaging information and thus lessening the impact." *People v Wise*, 134 Mich App 82, 98; 351 NW2d 255 (1984). Accordingly, defense counsel's performance was not objectively unreasonable; thus, defendant's ineffective assistance of counsel claim of error lacks merit.

Next, defendant argues that he is entitled to an additional 133 days of credit for time served pursuant to MCL 769.11b. Defendant's argument presents an issue of law that we review de novo. *People v Waclawski*, 286 Mich App 634, 688; 780 NW2d 321 (2009).

In *People v Givans*, 227 Mich App 113, 125-126; 575 NW2d 84 (1997), this Court held that the defendant was not entitled to credit for the time he served regarding a different crime, because MCL 769.11b provides that a "defendant shall receive credit for the time he has served before sentencing *for the offense of which he is convicted.*"

According to the Presentence Investigation Report (PSIR), defendant was arrested on April 18, 2013 for "B&E w/ intent" and "CS Poss. (Narc/Coc.) < 25 gr." Defendant was released on bond. Thereafter, on April 27, 2013, defendant was arrested for "Larceny $200-$1000." The court of jurisdiction in the April 18 and the April 27 case was the 12th District. Thereafter, defendant committed the crimes herein and was arrested on June 30, 2013. Defendant did not post bond for the crimes herein, and he was placed in jail. On October 29, 2013, defendant entered a plea of guilty in the 12th District cases, which reduced defendant's felony charges to misdemeanors. Defendant was sentenced to 133 days in jail for the April 18 charges, and he received 133 days' credit for time served on the April 27 charges. From June 30, 2013 to the sentencing date, April 24, 2014, defendant was incarcerated for 298 days. Defendant only received credit for 165 days because the trial court found that the 133 days of jail, which were associated with the April 18 and April 27 sentences, were served for those charges.

According to *Givans*, defendant was entitled to jail credit for the time between his arrest in the current case (June 30, 2013) and his sentencing in the 12th District cases (November 27, 2013), which amounted to 150 days. *Id.* Defendant was also entitled to credit between the conclusion of his sentence in the 12th District case and the disposition of this case, which amounted to 15 days. Defendant was not entitled to jail credit for the time he served for the 12th District convictions. *Id.* Accordingly, the trial court did not err when it only provided defendant with 165 days time served.

Defendant also argues that "the denial of jail credit effectively resulted in consecutive sentences." Unpreserved errors are reviewed for plain error affecting a defendant's substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). "Under the concurrent sentence rule, one sentence may not be ordered to begin at the completion of another sentence unless statutory authority provides otherwise." *Givans*, 227 Mich App at 126. However, because commencement of the sentence in this case was not delayed until the completion of the sentence in the 12th District cases, the concurrent sentence rule is not implicated. *Id.* Thus, no plain error affecting defendant's substantial rights exists.

Next, defendant argues that the trial court erred when it scored offense variables (OVs) 3 and 13. Unpreserved sentencing errors are reviewed for plain error affecting a defendant's substantial rights. *People v Meshell*, 265 Mich App 616, 638; 696 NW2d 754 (2005).

Defendant argues that the trial court erred when it scored OV 3 at five points because the record did not support that the victim's injury to his arm was sustained as a direct result of defendant's conduct with the knife. A five-point score is warranted under OV 3 if the victim sustains a "bodily injury not requiring medical treatment[.]" MCL 777.33(e). A five-point score may be sustained for OV 3 if defendant is the factual cause of the victim's injuries. *People v Laidler*, 491 Mich 339, 345; 817 NW2d 517 (2012).

Defendant also argues that if the Michigan Supreme Court was to find that the decision in *Alleyne v United States*, ___ US ___; 133 S Ct 2151; 186 L Ed 2d 314 (2013), applies to criminal sentencing in the state courts of Michigan—and it has, see *People v Lockridge*, ___ Mich ___; ___ NW2d ___ (2015)—then OV 3 was scored in error because OV 3 was scored based on judicial fact finding. Unpreserved errors are reviewed for plain error affecting a defendant's substantial rights. *Carines*, 460 Mich at 763-764.

We think it is clear that the trial court based its findings of an injury through facts found by the court, rather than admitted to by defendant or found by the jury. None of the crimes of which defendant was found guilty contained an element of injury, and defendant never admitted to cutting one of the victims. Accordingly, we remand this matter to the trial court for it to determine whether defendant continues to seek resentencing, and if so, to resentence defendant in accordance with *Lockridge*. See *People v Stokes*, ___ Mich App ___, ___; ___ NW 2d ___ (2015), slip op at pp 8-9.

Defendant also contends that the trial court erred when it scored OV 13 because the four sentencing convictions arose from a single incident, and they did not show a "pattern" of felonious criminal activity involving three or more crimes against a person. OV 13 addresses a continuing pattern of criminal behavior. MCL 777.43. Here, the trial court scored OV 13 at 25

points. A 25-point score is warranted for OV 13 if "[t]he offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person." MCL 777.43(1)(c). A pattern of criminal activity may be based on multiple offenses arising from the same event. *People v Harmon*, 248 Mich App 522, 532; 640 NW2d 314 (2001). Here, defendant was charged and convicted by the jury of four felonies that were crimes against a person. MCL 750.89; MCL 750.82; MCL 777.16d. All four convictions were properly accounted for in the scoring of OV 13, and were based on facts found by the jury. Accordingly, the trial court did not plainly err when it scored OV 13 at 25 points.

We affirm defendant's convictions but remand for resentencing consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Christopher M. Murray
/s/ Douglas B. Shapiro