# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ANTHONY GEROME GINN,

        Defendant-Appellant.

UNPUBLISHED
February 23, 2016

No. 324284
Kalamazoo Circuit Court
LC No. 2014-000697-FH

Before: MURPHY, P.J., and WILDER and BORRELLO, JJ.

PER CURIAM.

Defendant was convicted by a jury of resisting and obstructing a police officer, MCL 750.81d(1). He was acquitted of assault with a dangerous weapon (felonious assault), MCL 750.82, and the trial court declared a mistrial with respect to a charge of domestic assault, MCL 750.81(4), after the jury failed to reach a verdict on the charge. Defendant was sentenced as a fourth habitual offender, MCL 769.12, to 2 to 15 years' imprisonment for the resisting and obstructing conviction. He appeals as of right. We affirm.

Defendant first argues that there were three instances of ineffective assistance of counsel requiring reversal of his conviction. We disagree. Whether counsel was ineffective presents a mixed question of fact and constitutional law, which we review, respectively, for clear error and de novo. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). In *People v Carbin*, 463 Mich 590, 599-600; 623 NW2d 884 (2001), our Supreme Court, addressing the basic principles governing a claim of ineffective assistance of counsel, stated:

> To justify reversal under either the federal or state constitutions, a convicted defendant must satisfy the two-part test articulated by the United States Supreme Court in *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984). See *People v Pickens*, 446 Mich 298, 302-303; 521 NW2d 797 (1994). "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not performing as the 'counsel' guaranteed by the Sixth Amendment." *Strickland, supra* at 687. In so doing, the defendant must overcome a strong presumption that counsel's performance constituted sound trial strategy. *Id.* at 690. "Second, the defendant must show that the deficient performance prejudiced the defense." *Id.* at 687. To demonstrate prejudice, the defendant must show the existence of a reasonable probability that, but for counsel's error, the result of the proceeding

-1-

would have been different. *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Because the defendant bears the burden of demonstrating both deficient performance and prejudice, the defendant necessarily bears the burden of establishing the factual predicate for his claim. See *People v Hoag,* 460 Mich 1, 6; 594 NW2d 57 (1999).

An attorney's performance is deficient if the representation falls below an objective standard of reasonableness. *People v Toma*, 462 Mich 281, 302; 613 NW2d 694 (2000).

Defendant first argues that trial counsel was ineffective when he confessed defendant's guilt on the resisting and obstructing charge during his closing argument. After adamantly questioning and challenging the prosecution's case relative to the felonious and domestic assault charges, defense counsel commented, "All right. I'll give you the police officers, but as to count one [felonious assault], count two [domestic assault], there's something else going on there. It's not the crimes that are charged there." Assuming this statement constituted a concession of guilt on the resisting and obstructing charge, this Court in *People v Emerson (After Remand)*, 203 Mich App 345, 349; 512 NW2d 3 (1994), indicated that "we will not second-guess counsel's trial tactic of admitting guilt of a lesser offense." In *People v Walker*, 167 Mich App 377, 382; 422 NW2d 8 (1988), overruled in part on other grounds *People v Mitchell*, 456 Mich 693; 575 NW2d 283 (1998), this Court astutely observed:

> It is well established that arguing that defendant is guilty of an offense is not necessarily ineffective assistance of counsel . . . . In *People v Savoie*, 419 Mich 118; 349 NW2d 139 (1984), defense counsel argued that defendant shot a police officer, but was too intoxicated at the time to form the necessary intent for first-degree murder. In *People v Wise*, 134 Mich App 82; 351 NW2d 255 (1984), . . . defense counsel argued that defendant was guilty of conspiracy and breaking and entering but was innocent of other charges. In both cases, it was held that there was no ineffective assistance of counsel. Where the evidence obviously points to defendant's guilt, it can be better tactically to admit to the guilt and assert a defense or admit to guilt on some charges but maintain innocence on others. Such a trial tactic may actually improve defendant's credibility and will not be second-guessed.

There was overwhelming and unrebutted evidence that defendant vociferously and physically resisted and obstructed the police, as well as hospital personnel who were attempting to treat defendant. Furthermore, defense counsel was able to procure an acquittal on the more serious charge of felonious assault and a mistrial on the domestic assault charge. Under these circumstances, we hold that defense counsel's tactic in apparently conceding guilt on the resisting and obstructing charge did not constitute ineffective assistance of counsel. Moreover, given the virtually insurmountable evidence of defendant's guilt, the requisite prejudice has not been shown. Reversal is unwarranted.

Next, defendant argues that trial counsel was ineffective when he failed to seek an instruction on the lesser-included offense of attempted resisting and obstructing a police officer. A trial court is not required to give a jury instruction if the theory or defense is not supported by the evidence. *People v Mills*, 450 Mich 61, 81; 537 NW2d 909 (1995). Any request for an

attempt instruction in this case would have been futile because there was no evidence to support a mere attempt charge. Counsel is not ineffective for failing to raise meritless or futile arguments. *People v Fike*, 228 Mich App 178, 182-183; 577 NW2d 903 (1998). Defendant has not demonstrated that counsel's performance fell below an objective standard of reasonableness when he failed to ask for an attempt instruction relative to the resisting and obstructing charge. Moreover, given the overwhelming evidence of defendant's guilt, the requisite prejudice has not been shown. Reversal is unwarranted.

Third, and lastly, defendant contends that trial counsel was ineffective when he failed to accept the trial court's invitation to poll the jurors. According to defendant, the jury's verdict appeared to have been "some sort of compromise verdict," and a polling of the jurors, which would have forced a direct colloquy with each juror, may have exposed the possibility that the jury was not unanimous relative to the conviction. We first note that, at the behest of the trial court, the jurors, as a group, voiced agreement with the verdicts as read by the foreperson. Also, given the clear differences between the crimes of felonious assault and domestic assault, with the offense of felonious assault requiring the use of a dangerous weapon, MCL 750.82, and the temporal distinction between the alleged assault and the acts of resisting and obstructing, the verdicts do not suggest a compromise by the jurors as claimed by defendant. Nothing in the record indicated that the jury was anything but unanimous, except of course with respect to the domestic assault charge. Defense counsel was asked if he wished the jury to be polled, and he expressly declined, reflecting that counsel had no concerns of a unanimity failure. There is simply no basis to conclude that defense counsel's performance fell below an objective standard of reasonableness when he failed to request a polling of the jury, nor has the requisite prejudice been established. Reversal is unwarranted.

Finally, defendant argues that the trial court erred in scoring offense variables (OVs) 1, 2, and 3 at sentencing and that defense counsel was ineffective for failing to object to the scoring of those variables. "Where a scoring error does not alter the appropriate guidelines range, resentencing is not required." *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006). Had OVs 1, 2, and 3 been assessed at zero points, instead of 25, 5, and 5 points, respectively, the 35-point decrease in the total OV score would still have placed defendant at the original OV III level applicable to a class G offense, where OV level III, the highest level, encompasses scores of 16-plus points, and where defendant's total OV score had been 65 points. MCL 777.68. Accordingly, it is not necessary to evaluate and resolve whether the OVs were properly scored, and we decline to do so. Additionally, defense counsel expressly voiced approval of the scoring and, even absent any waiver, defendant failed to raise a challenge at sentencing or in a proper motion for resentencing or remand, which generally precludes appellate review under MCL 769.34(10) when the imposed minimum sentence falls within the actual or assumed appropriate guidelines range. See *People v Kimble*, 470 Mich 305, 310-311; 684 NW2d 669 (2004).[1] While

---

[1] We would also note that because there was no claim of error in any form below, and because, assuming error, there would be no change in the guidelines minimum sentence range, our Supreme Court's opinion in *People v Lockridge*, 498 Mich 358, 399; 870 NW2d 502 (2015), does not require a remand consistent with *United States v Crosby*, 397 F3d 103 (CA 2, 2005),

-3-

defendant bootstraps a claim of ineffective assistance of counsel, the argument necessarily fails under the circumstances because no prejudice can be identified, as the minimum sentence range would not have been altered had defense counsel successfully objected.

Defendant, relying on *People v Jackson*, 487 Mich 783; 790 NW2d 340 (2010), contends that he is entitled to resentencing even if the alleged scoring errors would not change the minimum sentence range. Defendant misreads *Jackson*, wherein the Court ruled:

> In this case, the trial court had assessed points for convictions that were vacated on appeal. Before the felonious-assault convictions were vacated, defendant was assessed 20 points under PRV [prior record variable] 7 for his armed-robbery conviction because the felonious assaults were concurrent convictions. Consequently, his minimum sentence range for the armed robbery was 108 to 270 months. Had defendant been correctly assessed zero points instead of 20 under PRV 7, his minimum sentence range would have been 81 to 202 months. Thus, assessing defendant 20 points under PRV 7 resulted in a sentence based on inaccurate information. Because the clear and unambiguous language of MCL 769.34(10) requires a remand for resentencing when the sentence is based on inaccurate information, the Court of Appeals erred by concluding that it was barred from remanding the case for resentencing based on the plain language of the statute. [*Jackson*, 487 Mich at 792-793.[2]]

Thus, the inaccurate sentencing information alluded to in *Jackson* concerned an inapplicable or erroneous minimum sentence range, but here there is no inaccurate, or change in, the minimum sentence range. Even if the scores for OVs 1, 2, and 3 were inaccurate, a court does not impose a minimum sentence on the basis of any particular variable assessments, but on the minimum sentence range produced by adding together the scores for all of the variables and then identifying the applicable OV and PRV levels within a class grid. Accordingly, if the minimum sentence range is ultimately accurate, it cannot be said that the sentence imposed was based on inaccurate information merely because an underlying variable or two was improperly assessed.

While defendant frames his arguments in the context of seeking resentencing, which he is not entitled to for the reasons stated, he appears to suggest that remand is nonetheless necessary to correct the scores for OVs 1, 2, and 3, "as the defectively scored sentencing guidelines would negatively impact his Michigan Department of Corrections classification, placement, and/or parole eligibility." Defendant, however, fails to elaborate on this claim or to provide any supporting authority, thereby waiving the argument. *People v Sardy*, __ Mich App __; __ NW2d __ (2015); slip op at 9-10. Although in a lead opinion in *People v Melton*, 271 Mich App 590, 593; 722 NW2d 698 (2006), superseded by statute on other grounds, it was noted that "a scoring error may still affect a defendant through such things as its effect on the calculation of parole

i.e., a "*Crosby* remand," with respect to honoring the right to a jury trial. Moreover, defendant does not raise a *Lockridge* issue.

[2] The Court noted that its ruling was consistent with *Francisco*, 474 Mich 82. *Jackson*, 487 Mich at 793-794.

-4-

eligibility," this comment was made to support review of a minimum sentence that fell within the guidelines as scored by the trial court and within the *proper but modified* minimum sentence range.[3] The statement in *Melton* did not suggest that parole eligibility may be impacted by a scoring error that does not alter the minimum sentence range. And we also note that *Francisco* now makes clear that resentencing is required if a minimum sentence range is altered, assuming proper preservation of a claimed scoring error, even if the minimum sentence imposed by a trial court still falls within the proper range. *Francisco*, 474 Mich at 89-91. In sum, resentencing or remand for a scoring correction is unwarranted, regardless of whether OVs 1, 2, and 3 were wrongly assessed.

Affirmed.

/s/ William B. Murphy
/s/ Kurtis T. Wilder
/s/ Stephen L. Borrello

---

[3] *Melton* was entertained by a special panel convened to resolve a conflict within this Court, and the quoted language above provided a supporting citation to the underlying opinion in *People v Melton*, 269 Mich App 542, 549-550; 711 NW2d 430 (2006), wherein the panel observed, "The fact that defendant's OV Level has been increased from II to III may seriously affect considerations relating to parole even though defendant's ultimate sentence would fit into either scoring range."